UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-1213 PA (SHKx) | Date | December 3, 2024 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Adel Riad | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Default Judgment (Docket No. 28) filed by plaintiff GS Holistic, LLC ("Plaintiff") against defendant Adel Riad ("Defendant").[1/] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the matter is appropriate for decision without oral argument. The hearing calendared for December 9, 2024, is vacated, and the matter taken off calendar.

This is a trademark infringement action. According to the Complaint, Plaintiff is the registered owner of three "STÜNDENGLASS" related trademarks for water pipes and vaporizers for smoking and other purposes. The Complaint alleges that Defendant, the owner, operator, or manager of a vape shop, sold counterfeit products bearing the imitation STÜNDENGLASS trademarks. On August 7, 2022, Plaintiff's investigator purchased one such counterfeit product. The Complaint alleges that Defendant's counterfeit sales have caused confusion in the marketplace, harmed Plaintiff's reputation and goodwill, and that Defendant has earned illegitimate profits. Plaintiff alleges that Defendant's conduct is "willful and intended to cause confusion." The Complaint asserts claims for: (1) federal trademark counterfeiting and infringement, 15 U.S.C. § 1114; and (2) federal false designation of origin and unfair competition, 15 U.S.C. § 1125(a). The Complaint's prayer for relief includes statutory damages, treble damages, costs of suit, an injunction, disgorgement of profits, and delivery for destruction of all products with infringing marks.

Plaintiff filed a Proof of Service indicating that Plaintiff served Defendant with the Summons and Complaint on August 9, 2024. Defendant never appeared in the action. The Clerk entered Defendant's default on September 12, 2024. Plaintiff then filed the Motion for

---

[1/] Plaintiff previously voluntarily dismissed defendant Royal Distribution Group, Inc., leaving Mr. Riad as the sole remaining defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-1213 PA (SHKx) | Date | December 3, 2024 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Adel Riad | | |

Default Judgment. Although Plaintiff states that it served Defendant with the Motion for Default Judgment, Defendant has filed no Opposition.

Plaintiff's Motion for Default Judgment seeks an award of $150,000 in statutory damages for trademark infringement, $1,172.00 in costs (consisting of the filing fee of $420.00, process server costs of $270.00, and "Plaintiff's investigation fees ($500.00)"), a permanent injunction, and an order requiring the destruction of any items in Defendant's possession "bearing any of the Stündenglass Marks."

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and the failure of Defendant to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of this case outweighs Defendant's interest in an adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

While allegations in the Complaint regarding liability are deemed admitted, allegations regarding damages are not. See Geddes, 559 F.2d at 560. Rather, unliquidated damages must be supported by admissible evidence. See Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22, 89 L. Ed. 3, 11 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-1213 PA (SHKx) | Date | December 3, 2024 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Adel Riad | | |

Complaint as true, allegations relating to the amount of damages must be supported by some evidence."). Pursuant to Local Rule 55-2, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." L.R. 55-2.

  Plaintiff seeks $150,000.00 in statutory damages for Defendant's trademark infringement. The Lanham Act allows a plaintiff to recover statutory damages ranging between $1,000.00 and $200,000.00 per counterfeit mark, or up to $2,000,000.00 where defendant's conduct is willful, and set at the discretion of the Court to further compensatory, deterrent, and punitive purposes. 15 U.S.C. § 1117(c); see Playboy Enters., Inc. v. Baccarat Clothing Co., Inc., 692 F.2d 1272, 1274-75 (9th Cir. 1982) (discussing deterrent purpose); Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009) (discussing compensatory and punitive purposes in similar situation for copyright infringement). "While a plaintiff in a trademark or copyright suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall" and courts consider "whether the amount of damages requested bears a 'plausible relationship to Plaintiff's actual damages.'" Yelp Inc. v. Catron, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014) (quoting Adobe Sys., Inc. v. Tilley, No. C 09-1085 PJH, 2010 WL 309249, at *5-6 (N. D. Cal. Jan. 19, 2010)).

  "Where a plaintiff cannot reasonably estimate actual damages, and especially where it shows only a few sales related to the counterfeit mark, courts are disinclined to award the maximum statutory damages at the risk of a windfall." GS Holistic, LLC v. MSA-Bossy Inc., No. 22-CV-07638-JSC, 2023 WL 3604322, at *5 (N.D. Cal. May 22, 2023). Here, Plaintiff admits that "[w]hile the Defendant probably have [sic] not sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more." (Mot. at 18.) Furthermore, though Defendant sold counterfeit products, at a price of $435.00, the Complaint's allegations fail to establish additional culpability on Defendant's part, as the store at issue appears to be a small retail location rather than a mass supplier of infringing goods. Accordingly, the Court finds that an award of $3,000.00 per counterfeited mark, amounting to $9,000.00, is an appropriate award of statutory damages that will both compensate Plaintiff and deter Defendant from engaging in future infringement.

  Plaintiff also seeks an award of $1,172.00 in costs, available under 15 U.S.C. § 1117. That sum is comprised of the filing fee ($402.00), the process server fee ($270.00), and the investigation fees ($500.00). Both the filing fee and process service fee are reasonable and regularly awarded, but Plaintiff fails to establish that investigation fees may be awarded. See MSA-Bossy, 2023 WL 3604322 at *6 (noting that the Lanham Act limits costs to those incurred after the action has begun). Accordingly, the Court awards Plaintiff $672.00 in costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-1213 PA (SHKx) | Date | December 3, 2024 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Adel Riad | | |

    Lastly, Plaintiff's Motion seeks injunctive relief and an order requiring the destruction of and infringing products in Defendant's possession. Under the Lanham Act, "the district court [has] the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116(a)). Courts may also order the destruction of materials at Plaintiff's request. See 15 U.S.C. § 1118. To receive a permanent injunction, Plaintiff must demonstrate: (1) a likelihood of actual success on the merits, (2) a likelihood of irreparable injury if injunctive relief is not granted, (3) a balance of hardships favoring Plaintiff, and (4) that an injunction will advance the public interest. Winter v. Natural Res. Def. Counsel, 555 U.S. 7, 20 (2008). Under the Lanham Act, a plaintiff whose trademark is infringed is entitled to a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a).

    However, "[i]njunctive relief is a precise tool to fix a precise injury, and should be narrowly tailored to remedy the specific harm a plaintiff has identified rather than to enjoin all possible breaches of the law." GS Holistic, LLC v. Puff N Go Gift Shop LLC, No. 22-cv-07634-VKD, 2023 WL 4146232, at *6 (N.D. Cal. June 22, 2023) (internal quotations omitted); see also Fed. R. Civ. P. 65(d) (requiring an order granting an injunction to "state its terms specifically" and "describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required"). Further, under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiff's request for injunctive relief must be denied because it is not narrowly tailored and the balance of hardships does not favor injunctive relief because there are no allegations or evidence that Defendant will continue infringing in the absence of a permanent injunction. For instance, Plaintiff does not state that it sent Defendant a cease and desist letter or otherwise warned Defendant of the infringement and that Defendant's infringement continued despite such warnings. Plaintiff's request for delivery of infringing products so that they may be destroyed is similarly defective because it fails to identify with specificity the infringing product and applies to all items "bearing any of the Stündenglass Marks" and would therefore include legitimate as well as counterfeit products. Accordingly, the Court denies Plaintiff's request for injunctive relief.

    For the reasons discussed above, the Court grants in part and denies in part Plaintiff's Motion for Default Judgment. The Court hereby awards Plaintiff $9,000.00 in statutory damages and $672.00 in costs. Plaintiff's request for injunctive relief is denied. The Court will issue a separate Judgment consistent with this order.

    IT IS SO ORDERED.